UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
                               X

ANTHONY TUITT,                :

                   :

           Plaintiff,      :       08 Civ. 5374 (JSR)

                   :

                   :

      -against-          :                            :

                   **ANSWER**

                   :

THE LONG ISLAND RAILROAD    :
COMPANY,

                   :

          Defendant.    :

                               X

-----------------------------------------------------------

Defendant, The Long Island Rail Road Company, ("LIRR"), by and through its attorney, answers the Complaint in the above-captioned action ("Complaint") as follows:

1. Denies each and every allegation in Paragraph 1 of the Complaint, except admits, to the extent that a response may be necessary, that Plaintiff purports to bring this action under and have jurisdiction pursuant to Title VII of the Civil Rights Act, as amended, 42 U.S.C. §2000e-5 ("Title VII") and Title 42 U.S.C., Sections 1981 and/or 1983, and other laws, and respectfully refers all questions of law to the Court.

2. Denies each and every allegation in Paragraph 2 of the Complaint, except admits, to the extent that a response may be necessary, that Plaintiff purports that to have complied with all conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5(f)(3), and/or purports that such conditions precedent have occurred, and respectfully refers all questions of law to the Court.

3. Upon information and belief, admits the allegations in Paragraph 3 of the

1

Complaint, except denies, on information and belief, that Plaintiff resides at the address provided in Paragraph 3 of the Complaint.

4. Denies each and every allegation in Paragraphs 4 and 5 of the Complaint.

5. Denies each and every allegation in Paragraph 6 of the Complaint, except admits that the LIRR does business in the County of New York, State of New York, and respectfully refers all questions of law to the Court.

6. Denies each and every allegation in Paragraph 7, except admits that the LIRR is a common carrier by rail, and respectfully refers all questions of law to the Court.

7. Denies each and every allegation in Paragraphs 8, 9, and 10 of the Complaint, to the extent that a response may be necessary, except admits that the LIRR employs more than 50 employees and respectfully refers all questions of law to the Court.

8. Admits the allegations in Paragraph 11 of the Complaint.

9. Denies each and every allegation in Paragraph 12 of the Complaint, except admits that Plaintiff has worked as a Machinist in the Maintenance of Equipment Shop.

10. Denies each and every allegation in Paragraphs 13, 14, 15, 16, 17, 18, and 19 of the Complaint.

## AS TO THE 'WHEREFORE' CLAUSE

11. Denies that Plaintiff is entitled to any of the relief requested in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

12. The Complaint fails to state any claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

13. Plaintiff's claims are barred, in whole or in part, for failure to provide proper notice of his claims.

## THIRD AFFIRMATIVE DEFENSE

14. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

15. All actions taken by the LIRR with respect to Plaintiff were for legitimate, non-discriminatory reasons.

## FIFTH AFFIRMATIVE DEFENSE

16. All actions taken by the LIRR with respect to Plaintiff were pursuant to the applicable Collective Bargaining Agreement and in accordance with the LIRR's rules, procedures and policies.

## SIXTH AFFIRMATIVE DEFENSE

17. Plaintiff's claims are preempted and/or precluded, in whole or in part, by the Railway Labor Act.

## SEVENTH AFFIRMATIVE DEFENSE

18. The Railway Labor Act deprives this Court of jurisdiction over some or all of its claims.

## EIGHTH AFFIRMATIVE DEFENSE

19. Plaintiff's claims are barred, in whole or in part, because he has not suffered any legally cognizable damages due to any actions by the LIRR.

3

## NINTH AFFIRMATIVE DEFENSE

20. Plaintiff failed to mitigate any damages alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

21. The LIRR is not liable for punitive damages.

## ELEVENTH AFFIRMATIVE DEFENSE

22. Plaintiff's claims are barred, in whole or in part, by the Doctrine of Waiver.

## TWELFTH AFFIRMATIVE DEFENSE

23. Plaintiff's claims are barred, in whole or in part, for failure to allege in the Complaint that at least thirty (30) days have elapsed since the demand, claim or claims upon which such action is founded were presented to a member of the LIRR, or other officer designated for such purpose, and that the LIRR has neglected or refused to make an adjustment or payment thereof.

**WHEREFORE**, the LIRR requests judgment dismissing the Complaint with prejudice, granting the LIRR its costs, disbursements and attorney's fees incurred in defending this action and for such other and further relief that this Court deems just and proper.

Dated:      Jamaica, New York
            August 4, 2008

                              J.DENNIS McGRATH
                              Acting General Counsel & Secretary
                              Attorney for Defendant
                              Long Island Rail Road Company

                              By: _Priscilla Lundin_
                                  Priscilla Lundin
                              Long Island Rail Road Company
                              Law Department - 1143
                              Jamaica Station
                              Jamaica, New York 11435
                              (718) 558-8246

4

TO: Fredric M. Gold, Esq.
    Sable & Gold
    450 Seventh Avenue, Suite 1901
    New York, NY 10123
    (212) 244-2740